UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S & J RENTALS, INC. d/b/a TWIN CITIES EQUIPMENT RENTALS, a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HILTI, INC., an Oklahoma corporation,<br><br>Defendant. | No. 2:16-cv-00879-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

S & J Rentals, Inc., ("Plaintiff") seeks redress on behalf of itself and a putative class from Hilti, Inc. ("Defendant") due to alleged illegal business practices. Plaintiff's First Amended Complaint ("FAC") brings a single cause of action on grounds that Defendant violated California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200–17204. ECF No. 4, at 9–10.

Before the Court are two motions, both filed by Defendant. Through its Motion to Transfer ("Transfer Motion"), (ECF No. 9), Defendant first asks the Court to transfer this case to the United States District Court of the Northern District of Oklahoma, pursuant to a forum selection clause in a contractual agreement between the parties. Def.'s Mem., ECF No. 9-1, at 2:3–8. Secondly, Defendant has submitted a Motion to Dismiss, (ECF

No. 8), addressing the merits of Plaintiff's Complaint. According to Defendant, it filed that motion simply "out of an abundance of caution" in the event the Transfer Motion did not suffice as a responsive pleading to Plaintiff's FAC. Def.'s Mem. Supp. Mot. Dismiss, ECF No. 8-1, at 1:18–25. Plaintiff filed oppositions to each of these motions, (ECF Nos. 15 & 16), to which Defendant filed timely replies. ECF Nos. 20 & 21. For the reasons set forth below, the Court GRANTS Defendant's Motion to Transfer and DENIES Defendant's Motion to Dismiss without prejudice.

# BACKGROUND[1]

Plaintiff is a California corporation that rents construction equipment to the public. Defendant is incorporated in Oklahoma and headquartered in Plano, Texas. Defendant develops, manufactures, and markets products for construction, building maintenance, and mining industries.

In 2008 and 2010, Plaintiff completed credit applications with Defendant to facilitate its purchase of tools on credit. Schofield Decl., ECF No. 9-2, at 1–2. Plaintiff subsequently made several tool purchases utilizing this credit. Id. at 2. One of those purchases was a TE 3000-AVR breaker chiseling tool obtained from Defendant in 2012.

Plaintiff claims that it was unaware at the time it purchased Defendant's products that many of its tools are equipped with a "deactivation feature" which causes them to automatically shut down after a specified number of operational hours. Plaintiff claims that in 2015, its TE 3000-AVR breaker shut down due to this deactivation feature, and that Defendant charged "reactivation" fees to make the tool operational again.

Plaintiff alleges that Defendant failed to disclose the deactivation feature prior to selling these tools, and thus committed unfair business practices, as defined by the UCL.
///

---

[1] Unless otherwise stated, the following recitation of facts is taken, sometimes verbatim, from Plaintiff's FAC, ECF No. 4.

**STANDARD**

Courts considering a motion to transfer look to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Typically, "[a] motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). However, this analysis changes when the dispute is governed by a forum selection clause. Atl. Marine Constr. Co. v. United States Dist. Court, 134 S. Ct. 568, 581 (2013). In the Ninth Circuit, forum selection clauses are presumptively valid, and are only unenforceable if the "party challenging enforcement . . . can show it is unreasonable under the circumstances." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). "The Supreme Court has construed this exception narrowly," with unreasonableness only being shown if: (1) the clause was the result of fraud, undue influence, or overweening bargaining power; (2) the transfer forum "is so gravely difficult and inconvenient" that plaintiff would essentially be denied its day in court; or (3) "enforcement of the clause would contravene a strong public policy" of California. Argueta, 87 F.3d at 325.

If no "unreasonableness" exceptions apply, the forum selection clause is deemed prima facie valid, and the clause is analyzed under § 1404(a) taking into account the following considerations: (1) plaintiff's choice of forum is given no weight; (2) only "public-interest" factors[2] are considered, not the parties' private interests; and (3) the original venue's choice-of-law rules do not "follow the case to the forum contractually selected by the parties." Atl. Marine, 134 S. Ct. at 581–83. When a defendant files a

---

[2] These factors include "[1] the administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [and] [3] the interest in having the trial of a diversity case in a forum that is at home with the law." Atl. Marine, 134 S. Ct. at 581 n.6.

1  § 1404(a) motion, a district court should transfer the case pursuant to the forum selection
2  clause unless "extraordinary circumstances unrelated to the convenience of the parties"
3  clearly disfavors transfer. Id. at 581.

## ANALYSIS

### A.   A Forum Selection Clause Applies To The Current Dispute

The terms and conditions in the 2008 and 2010 credit applications include a "Consent to Jurisdiction" clause, providing that:

> All transactions made pursuant hereto shall be deemed to have been entered in Tulsa, Oklahoma. <u>Any and all disputes arising directly or indirectly from such transactions shall be resolved in the court of the County of Tulsa, State of Oklahoma, to the exclusion of any other court</u>, and any resulting judgment may be enforced by any court having jurisdiction of such an action. All transactions shall be governed by and constructed in accordance with the laws of the State of Oklahoma.

Schofield Decl., Ex. B, ECF No. 9-2, at 296 (emphasis added).

Plaintiff contends that it is too early in the proceedings to determine if this action relates to the credit applications. Pl.'s Opp. 5:19–21. The Court disagrees. When considering the validity of a forum selection clause, the Court may consider facts outside of the pleadings. See CyberCSI v. Bank of Am. Corp., No. 15-cv-02045-PSG, 2015 WL 9434697, at *2 (N.D. Cal. Dec. 24, 2015) (In considering "whether a valid forum selection clause exists . . . pleadings need not be accepted as true, and facts outside the pleadings may be considered."). Here, Defendant provides a declaration that Plaintiff "purchased the TE 3000-AVR products, in addition to a plethora of other products, on credit from [Defendant]." Schofield Decl., ECF No. 9-2, at 2. Additionally, Defendant provides invoices showing that items purchased by Plaintiff on credit includes the TE 3000-AVR breaker. See Supp. Schofield Decl., ECF No. 20-1 & Ex. A.

Therefore, this matter arises either "directly or indirectly" from Plaintiff's credit applications, such that it falls within the provisions of the forum selection clause. See

4

Robles v. Comtrak Logistics, Inc., No. 2:13-cv-00161-JAM-AC, 2015 U.S. Dist. LEXIS 44323, at *3-8 (E.D. Cal. Apr. 2, 2015) (Finding that the "scope of the claims governed by a forum selection clause depends upon the language used in the clause . . . [and] provisions that include or add phrases such as 'relating to' and 'in connection with' . . . have a broader reach.") (Citations omitted).

### B.     The Forum Selection Clause Is Not Unreasonable

Next, the Court determines if the forum selection clause is prima facie valid. Plaintiff can only defeat the strong presumption in favor of validity by showing that the forum selection clause is unreasonable under the circumstances. Argueta, 87 F.3d at 325. As indicated above, to establish "unreasonableness," Plaintiff must show that (1) the clause was incorporated into the contract due to fraud or overweening bargaining power, (2) the selected forum is so inconvenient that it will essentially result in denial of its day in court, or (3) that enforcement would be contrary to a strong California public policy. Id.

#### 1.     The Forum Selection Clause Was Not the Result of Fraud, or Overweening Bargaining Power.

Plaintiff alleges that the application's terms were non-negotiable, and thus the forum selection clause was part of a contract of adhesion. Pl.'s Opp. 1:22–23, 11:6–8. However, this is not enough to show that the forum selection clause was unreasonable due to overweening bargaining power. See Tompkins v. 23andMe, Inc., 840 F.3d 1016, 1029 (9th Cir. 2016) (Recognizing that California courts "uphold[ ] forum selection clauses . . . even in adhesion contracts . . . ."). Thus, as Plaintiff makes no claims of fraud, there is no showing of unreasonableness under the first exception.

#### 2.     The Selected Forum Would Not Deny Plaintiff its Day in Court.

Plaintiff contends that transfer would be "gravely difficult," and "prohibitively expensive" due to the increased costs of litigating in Oklahoma. Pl.'s Opp. 11:6–18. These difficulties include the burden of having to travel from California to Oklahoma, particularly given the lack of non-stop flights between Sacramento to Tulsa. Id. at 11:9–

11. According to Plaintiff, the expense and difficulty of having to litigate this case in Oklahoma would essentially deprive it of its ability to pursue the matter. Id. at 11:11–14.

Plaintiff points to Aral v. Earthlink, Inc. to support the contention that enforcement of the forum selection clause here is unreasonable. 134 Cal. App. 4th 544, 561 (2005). Aral held that "a forum selection clause that requires a consumer to travel 2,000 miles to recover a small sum is not reasonable . . . ." Id. However, the forum selection clause in Aral was imbedded in an arbitration agreement, which also included a class action waiver. Id. at 557. The Ninth Circuit recently recognized that California's courts appear to apply different standards in analyzing forum selection clauses depending on whether or not the clause is in an arbitration agreement.[3] See Tompkins, 840 F.3d at 1029 (recognizing that California "courts apply different standards in arbitration and nonarbitration contexts, upholding forum selection clauses in the nonarbitration context . . . without considering expense and inconvenience, while striking them down in the arbitration context due to expense and inconvenience."). To the extent that California courts apply different analytical standards depending on the context of the forum selection clause, the federal appellate court noted that "these cases are not binding on us as California law." Tompkins, 840 F.3d at 1029. Furthermore, in considering a forum selection clause, the Ninth Circuit ultimately found that the agreed-to forum was "not unavailable or unable to accomplish substantial justice . . . [and that] . . . mere inconvenience or additional expense does not make the locale unreasonable." Tompkins, 840 F.3d at 1029 (internal quotations omitted).

Thus, Plaintiff does not meet the high burden of showing that it would essentially be denied of its day in court if transfer were granted. See Performance Chevrolet, Inc. v. ADP Dealer Servs., No. 2:14-cv-02738-TLN-AC, 2015 U.S. Dist. LEXIS 80774, at *6-7 (E.D. Cal. June 18, 2015) ("Plaintiff has the burden of proving that the difficulty and

---

[3] Nevertheless, the Aral court purported to use "general contract law principles without regard to the fact that [the forum selection clause] appears in an arbitration agreement." Aral, 134 Cal. App. 4th at 557.

inconvenience associated with transfer is so severe that it would effectively deprive Plaintiff of its day in court, and the aforementioned allegations [of increased litigation costs and logistical difficulties with witnesses] do not rise to this level."). Indeed, "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting." Atl. Marine, 134 S. Ct. at 582) (quoting Zapata, 407 U.S. at 17–18). There is no showing of unreasonableness under the second exception sufficient to invalidate the forum selection clause.[4]

### 3. Enforcement of the Forum Selection Clause Would Not Contravene a Strong California Public Policy.

Plaintiff contends that the forum selection and choice of law clauses operate jointly to undermine California's strong interest in consumer class action protections. Pl.'s Opp. 1:10–13, 10:4–7. However, Plaintiff's argument fails to show how California's public policy would be undermined with regard to venue in the Federal District Court in Tulsa, Oklahoma. Instead, Plaintiff incorrectly focuses on a choice of law analysis that is not before this Court.

Plaintiff relies on Doe 1 v. AOL LLC, 552 F.3d 1077 (9th Cir. 2009), to support its argument that enforcement of the forum selection clause would contravene a strong public policy of California. Pl.'s Opp. 6:12–27. That reliance is misplaced. The forum selection clause in AOL required disputes to be heard in Virginia state court, under Virginia law. AOL, 552 F.3d at 1080. However, the court found that enforcement of the forum selection clause effectively amounted to "a waiver of statutory remedies provided by [California's Consumer Legal Remedies Act] in violation of the anti-waiver provision . . . " because Virginia state law did not provide a legal mechanism enabling class action consumer lawsuits. AOL, 552 F.3d at 1085. Here, Plaintiff points to no

---

[4] Plaintiff argues that because Defendant relocated its headquarters from Oklahoma to Plano, Texas, that the forum selection clause lacks a "logical nexus to this litigation." Pl.'s Opp. 11:23–25. However, Defendant has represented that it is incorporated in Oklahoma, and maintains its largest office in Tulsa, Oklahoma. See Supp. Schofield Decl., ECF No. 20-1, at 1–2. Thus, Defendant's continued significant presence in Oklahoma is sufficient to establish a logical nexus to this litigation.

1 California policy similar to the anti-waiver provisions of the CLRA that would be violated
2 by transferring this case to a federal court in Oklahoma.  Thus, the situation in AOL is
3 distinguishable from the present matter.  See also Mitsui Sumitomo Ins. USA, Inc. v.
4 Tokio Marine & Nichido Fire Ins. Co., 659 F. App'x 918, 920 (9th Cir. 2016) (finding that
5 the forum selection clause before the court was "distinguishable from other forum-
6 selection clauses that operate to foreclose non-waivable statutory rights of consumers or
7 employees") (discussing AOL, 552 F.3d at 1083-84).

8       Plaintiff also relies on Frango Grille USA, Inc. v. Pepe's Franchising Ltd.,
9 No. CV 14-2086 DSF (PLAx), 2014 U.S. Dist. LEXIS 182207 (C.D. Cal. July 21, 2014),
10 to support its contentions.  Pl.'s Opp. 5:2–10.  However, Frango is similarly
11 distinguishable from the present case.  Frango involved the invalidation of a forum
12 selection clause within a franchise contract that directly contradicted protections of
13 California's Franchise Relations Act.  Frango, 2014 U.S. Dist. LEXIS 182207, at *3–5.
14 Indeed, an addendum to the contract in question specifically stated that "[t]he Franchise
15 Agreement requires application of the laws and forum of London, England.  This
16 provision may not be enforceable under California Law."  Id. at *2 (emphasis added).

17       Plaintiff contends that venue in Oklahoma contravenes California's public policy
18 because "[t[here is no aspect of this case that would permit Plaintiff to bring it as a class
19 action in Oklahoma."  Pl.'s Opp. 10:6–7.  Even assuming that Plaintiff's interpretation of
20 Oklahoma law is correct, this argument again presupposes the outcome of a choice of
21 law provision not before this Court.  As transfer is requested to a federal district court,
22 not to a state court as in AOL, Plaintiff would be able to make the same procedural and
23 substantive legal arguments in district court in Oklahoma as it could here.  See Sawyer
24 v. Bill Me Later, Inc., No. CV 10-04461 SJO (JCGx), 2011 U.S. Dist. LEXIS 154784, at
25 *19-20 (C.D. Cal. Oct. 21, 2011) (noting that when a case is transferred to another
26 federal court, the receiving court "is able to hear class actions and will do so using the
27 exact same procedures available in . . ." the transferring federal court, and that "Plaintiff
28 would have the same access to California substantive and federal procedural law . . . ").

Plaintiff's arguments conflate transfer analysis with choice of law. The enforceability of the forum selection clause requires a distinct analysis from the choice of law provisions within the contract. See, e.g., Performance Chevrolet, 2015 U.S. Dist. LEXIS 80774, at *8 (finding that "an attorney's fees provision in the Agreement that may violate California law is more relevant to a choice of law analysis, rather than the venue analysis done for a motion to transfer"); Swenson v. T-Mobile United States, Inc., 415 F. Supp. 2d 1101, 1104 (S.D. Cal. 2006) (finding that the Plaintiff "impermissibly, combin[ed] the forum selection and choice of law analyses . . ." by arguing that enforcement of the forum selection clause would result "in the application of a Washington law violative of California public policy").

Here, Plaintiff has not shown that "[e]nforcement of the forum selection clause itself" would "contravene a strong public policy of California." Swenson, 415 F. Supp. 2d at 1104 (emphasis added). Thus, Plaintiff has not shown that enforcement of the forum selection clause, apart from the choice of law provision, would violate a strong public policy of California.[5]

As there is no showing of unreasonableness under the third exception, the Court finds that the forum selection clause is prima facie valid and only looks to "public-interest" factors in considering the Transfer Motion. Atl. Marine, 134 S. Ct. at 581–83.

### C. Public-Interest Factors Do Not Amount To "Extraordinary Circumstances"

Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Atl. Marine, 134 S. Ct. at 581 n.6. The first factor favors transfer inasmuch as the Eastern District of California is one of the busiest courts in the nation, and it can

---

[5] Plaintiff's substantive choice of law arguments can be presented in the Oklahoma district court after transfer. See Amberger v. Legacy Capital Corp., No. 16-cv-05622-JSC, 2017 U.S. Dist. LEXIS 8392, at *10 (N.D. Cal. Jan. 20, 2017) (Providing that "[i]ndeed, courts often conclude . . . once the case is in its proper venue, the plaintiff is free to argue for application of California law.").

accordingly be resolved in Defendant's favor.[6]  The second factor, however, tends to benefit Plaintiff since many of the actions pertaining to the sale of Defendant's tools allegedly took place in California.  Finally, the third factor inures to the benefit of Defendant because a determination of which state's substantive law applies to this matter depends on the application of Oklahoma's choice of law rules, pursuant to the agreement's choice of law clause.

The sole public interest factor that can be resolved in Plaintiff's favor (the fact that many of the actions underlying this claim apparently occurred in California) does not, standing alone, constitute an "extraordinary circumstance" sufficient to invalidate the forum selection clause.  Atl. Marine, 134 S. Ct. at 581.  The public interest factors present here, viewed as a whole, do not overcome the strong presumption that the forum selection clause should be enforced.  Argueta, 87 F.3d at 325.

## CONCLUSION

For the reasons set forth, Defendant's Motion to Transfer, (ECF No. 9), is GRANTED.[7]  The Clerk of the Court is directed to transfer this case to the United States District Court for the Northern District of Oklahoma in Tulsa, Oklahoma.  The Court DENIES Defendant's Motion to Dismiss, (ECF No. 8), without prejudice, since that is a matter that should be addressed by the Oklahoma district court following transfer.

IT IS SO ORDERED.

Dated:  March 27, 2017

*[signature]*
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[6] See Performance Chevrolet, 2015 U.S. Dist. LEXIS 80774, at *11 n.4 ("This Court takes judicial notice that the Eastern District of California carries among the highest caseloads in the nation.").

[7] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing in accordance with Local Rule 230(g).