### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **S & J RENTALS,** | ) | |
| **d/b/a Twin Cities Equipment Rentals,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-CV-0159-CVE-FHM** |
| | ) | |
| **HILTI, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

This suit was filed in the United States District Court for the Eastern District of California.
Dkt. # 1. Plaintiff asserts a single claim against defendant under the California Unfair Competition
Law, Cal. Bus. Code § 17200 (UCL). Dkt. # 4. Defendant filed two motions in the California district
court, a motion to transfer (Dkt. # 9) and a motion to dismiss (Dkt. # 8). The California district court
granted the motion to transfer due to a forum selection clause that it found applied to this case. Dkt.
# 23, at 10. After the transfer, this Court ordered the parties to show cause as to why this suit should
not be dismissed because the forum selection clause stated that the case could be brought only in the
District Court for the County of Tulsa, State of Oklahoma. Dkt. # 39. Plaintiff argues that the Court
should not dismiss the case and alternatively, that the Court should retransfer the case to the
California district court. Dkt. # 40. Defendant argues that the Court should dismiss the case so that
it may be refiled in Tulsa County District Court. Dkt. # 43.

### I.

Defendant is a corporation incorporated under Oklahoma law and headquartered in Texas
that develops, manufactures, and markets products for construction, building maintenance, and
mining industries. Dkt. #4, at 3. Plaintiff is a corporation incorporated under California law and

headquartered in California that rents construction equipment to the public. Id. at 3, 6. Plaintiff submitted a credit application to defendant so that it could open a line of credit to purchase tools from defendant. Dkt. # 8-2, at 1-2. The credit agreement included forum selection and choice of law provisions that state:

> All transactions made pursuant hereto shall be deemed to have been made and entered into in Tulsa, Oklahoma. Any and all disputes arising directly or indirectly from such transactions shall be resolved in the courts of the County of Tulsa, State of Oklahoma, to the exclusion of any other court, and any resulting judgment may be enforced by any court having jurisdiction of such an action. All transactions shall be governed by and construed in accordance with the laws of the State of Oklahoma.

Id. at 7. Plaintiff asserts that it purchased two TE 3000-AVR electric tools from defendant and that the tools eventually shut down and could not be reactivated. Id. at 6. Plaintiff alleges that when it contacted defendant about the shut down, defendant informed plaintiff for the first time that the tools had an "automatic shutoff feature" and could be serviced and reactivated only by defendant. Id. at 6-7. Plaintiff asserts that it had to pay defendant approximately $600 in service and reactivation fees. Id. at 7.

Plaintiff filed a class action complaint in the United States District Court for the Eastern District of California alleging that defendant engaged in unfair and fraudulent business practices under the UCL. Id. at 9. Plaintiff asserts that it would not have purchased the tools from defendant had it known about the automatic shutoff feature and servicing and reactivation requirements. Id. at 10. Plaintiff also asserts that defendant engaged in fraudulent practices by failing to adequately disclose that the tools would automatically shutoff, that the tools must be reactivated by defendant, and that defendant would charge servicing and reactivation fees. Id. Plaintiff filed suit on behalf of itself and "[a]ll individuals and entities that purchased one or more Hilti Automatic Shutoff Tools in California." Id. at 7.

Defendant moved to transfer (Dkt. # 9) and dismiss (Dkt. # 8) the case. Defendant argued that the case should be transferred to the Northern District of Oklahoma pursuant to the forum selection clause and dismissed pursuant to the choice of law clause because plaintiff had failed to state a claim under Oklahoma law. Dkt. # 9-1, at 5; Dkt. # 8-1, at 5-7. The California district court granted defendant's motion to transfer and determined that defendant's motion to dismiss should be addressed by the transferee court. Dkt. # 23, at 9-10. After the case was transferred to this Court, the Court ordered the parties to show cause as to why this case should not be dismissed pursuant to the forum selection clause because, under Tenth Circuit law, "courts of the County of Tulsa, State of Oklahoma" does not include federal courts. Dkt. # 39. Plaintiff responded that the Court should not dismiss the case because defendant waived its right to enforce the forum selection clause and the California district court relied on the fact that the case would be transferred to a federal district court when it decided that the forum selection clause was enforceable. Dkt. # 40, at 4-9. Alternatively, plaintiff asks the Court to retransfer the case to the California district court for reconsideration of defendant's motion to transfer. Id. at 13-11. Defendant argues that the forum selection clause requires this case to be brought in the Tulsa County District Court and the Court should dismiss the case so that it may be refiled in the proper forum. Dkt. # 43.

## II.

Under the doctrine of the law of the case, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988). The purpose of the doctrine is to promote finality and efficiency of the judicial process by "protecting against the agitation of settled issues." Id. at 816 (quoting 1B J. Moore, J. Lucas & T. Currier, Moore's Federal

Practice ¶ 0.404[1], p. 118 (1984)). However, "every order short of a final decree is subject to reopening at the discretion of the district judge." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 788-792 (1981)). When a case is transferred, "[t]he transferee court's powers are coextensive with those of the transferor court; it may issue any order or render any judgment that could have been made in the transferor court had the transfer never taken place." Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). The doctrine of the law of the case applies to the decisions of a transferor court, including the decision to transfer, just as it does to a court's own decisions. See Christianson, 486 U.S. at 816. "Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." Id. Thus, a transferee court should not retransfer a case unless the transfer order is clearly erroneous and would work manifest injustice. See id. at 817 ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work manifest injustice.'" (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983))); see also In re Cragar Indus., Inc., 706 F.2d 503, 505 (5th Cir. 1983) ("If the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer 'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.'" (quoting United States v. Koenig, 290 F.2d 166, 173 n.11 (5th Cir. 1961), aff'd sub nom. Di Bella v. United States, 369 U.S.

4

121 (1962))); Gorzynski v. JetBlue Airways Corp., 10 F. Supp. 3d 408, 412 (W.D.N.Y. 2014) ("[A] 'transferee court should not re-transfer except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous.'" (quoting Gary Friedrich Enters., LLC v. Marvel Enters., Inc., No. 08 Civ 01533, 2008 WL 4129640, at *3 (S.D.N.Y. Sept. 4, 2008))).

In this case, the transfer order was clearly erroneous because the forum selection clause that formed the basis for the transfer does not designate this court as the proper forum. The forum selection clause states that disputes covered under the clause "shall be resolved in the courts of the County of Tulsa, State of Oklahoma, to the exclusion of any other court." Dkt. # 8-2, at 7 (emphasis added). Numerous federal appellate courts, including both the Ninth and Tenth Circuits, have interpreted "of" in a forum selection clause to indicate sovereignty, not geography. See, e.g., New Jersey v. Merrill Lynch & Co., 640 F.3d 545, 549 (3rd Cir. 2011); FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 755 (4th Cir. 2010); Doe 1 v. AOL LLC, 552 F.3d 1077, 1082 (9th Cir. 2007); American Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921, 926 (10th Cir. 2005); Dixon v. TSE Int'l Inc., 330 F.3d 396, 398 (5th Cir. 2003); LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 6 (1st Cir. 1984). Designating the courts "in" an area means both state and federal courts geographically located in that area, but designating the courts "of" an area means courts originating from that area. See, e.g., AOL, 552 F.3d at 1082. Federal courts do not originate in a state or county, but in the federal government. American Soda, 428 F.3d at 926. Thus, "courts of the County of Tulsa, State of Oklahoma" means only the Tulsa County District Court and does not include this Court. The "clearly erroneous" standard is significantly deferential and requires "a definite and firm conviction that a mistake has been committed." Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 623 (1993). Given that

under the clear precedent of both the Ninth and Tenth Circuits the forum selection clause precludes litigation in this Court, the Court finds that the order transferring the case to this Court, which was entered so as to give effect to the forum selection clause, is clearly erroneous.

Moreover, allowing the transfer order to stand would work manifest injustice. Defendant argues that it has received "no advantage" from the "simple mistake of law" that led to this case being transferred. Dkt. # 43, at 7-8. The Court disagrees with defendant's characterization of the situation and its assertion that the transfer did not benefit it or disadvantage plaintiff. First, of course the transfer gave defendant an advantage—that's why defendant asked for the transfer in the first place. Defendant is incorporated in Oklahoma and has its largest office "by far" in Tulsa. Id. at 4. The only connections to Oklahoma in this case come from defendant. The plaintiff and the entirety of the purported class reside in California; the tools were marketed, sold, and used in California; and the plaintiff sued under California law. It is clear that federal court in Oklahoma is a more advantageous forum for defendant than federal court in California because defendant has its largest office in Tulsa, and its long standing ties to the city[1] mean that its lawyers are presumably more familiar with this district's local rules and Tenth Circuit precedent. Conversely, plaintiff is disadvantaged because it has no ties to Oklahoma, making this forum unfamiliar and geographically undesirable.

Second, and more importantly, this was no "simple mistake of law"; this procedural muddle is a mess of defendant's creation. Defendant drafted the forum selection clause, and given

---

[1]     Defendant was headquartered in Tulsa from 1979 to 2015. See Steve Brown, International Toolmaking Firm Moving Headquarters to Plano from Tulsa, Dallas Morning News (Oct. 14, 2014), https://www.dallasnews.com/business/business/2014/10/14/international-toolmaking-firm-moving-headquarters-to-plano-from-tulsa (last visited July 12, 2017).

defendant's previously discussed deep and long standing ties to Oklahoma, the Court finds it inconceivable that it did not know how that clause would be interpreted under clear Tenth Circuit authority. This is especially true considering that the Tenth Circuit's distinction between "of" and "in" in forum selection clauses is widely held amongst the circuit courts and is not based on an esoteric quirk of legal interpretation, but on a reading of the plain meaning of those words. It would have been the height of incompetence for defendant to draft a forum selection clause without understanding in which fora the clause does and does not allow litigation, and the Court does not believe that defendant behaved in such a careless manner when drafting this forum selection clause.

Although defendant knew the forum selection clause required litigation in the Tulsa County District Court, it chose to file a motion to transfer to this Court instead of a motion to dismiss on the basis of <u>forum non conveniens</u> as is appropriate when a forum selection clause dictates that a case be brought in a state or foreign court. <u>See</u> <u>Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.</u>, 134 S. Ct. 568, 580 (2013). The practical distinction in this case between transfer and dismissal for refiling in state court is not a mere procedural formality. A forum selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought." <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 15 (1972). The analysis of whether the forum selection clause contravenes a strong public policy of California changes if the case were in Oklahoma state court versus federal court in Oklahoma, because Oklahoma limits class membership to residents of Oklahoma and nonresidents who either own property in Oklahoma or have a significant portion of their cause of action arise from conduct occurring within Oklahoma. <u>See</u> Okla. Stat. tit. 12, § 2023(D)(3). As a California resident with no property in Oklahoma asserting a claim based on conduct that occurred entirely in California, plaintiff would be unable to

7

bring a class action in Oklahoma state court. On the other hand, this Court would follow Federal Rule of Civil Procedure 23 to determine whether a class action could be brought. See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010). California has a public policy that strongly favors class actions, see AOL, 552 F.3d at 1083, and therefore, the degree to which California's interests are implicated in this case changes depending on whether a federal forum is available. This Court offers no opinion on whether this distinction would be dispositive, but whether the forum selection clause is enforceable where it requires disputes to be resolved (in Oklahoma state court) is a different question than the one defendant put before the California district court.

That there is a distinction between a forum selection clause that designates both state and federal court as available fora and one that designates only state court is well known by defendant because it emphasized the distinction in its briefing on the motion to transfer. Defendant represented that the forum selection clause directed the case to be brought in either federal or state court in Tulsa, and distinguished cases cited by plaintiff that involved forum selection clauses mandating the case be brought in state court. Defendant argued that plaintiff's reliance on AOL was "misplaced" because "the [forum selection] clause in AOL limited claims to State courts in Virginia, which do not allow class actions." Dkt. # 21, at 4. Defendant also urged the California district court to rely on cases that contained geographic forum selection clauses, arguing that they were analogous to the forum selection clause in this case. For example, defendant argued that the California district court should follow the reasoning of Sawyer v. Bill Me Later, Inc., No. CV 10-04461 SJO (JCGx), 2011 WL 7718723 (C.D. Cal. Oct. 21, 2011), which involved a forum selection clause that mandated disputes be resolved in "a court located in Utah." Id. at *6. Defendant argued:

> Plaintiff asserts the forum selection clause and choice of law provision are
> interconnected and thus unenforceable as Oklahoma's unfair competition law has

8

> limitations that California's analogous statute does not. As the <u>Sawyer</u> court makes clear, Plaintiff's argument is flatly wrong. Forum selection clauses that designate certain geographies as appropriate venues are not interconnected with choice of law provisions and must be considered separately from one another. . . . Just as in <u>Sawyer</u>, the forum selection clause does not limit litigation to state courts. Plaintiff is free to bring this action either in state or federal courts located in Tulsa, Oklahoma. Because a federal forum is available to Plaintiff, the enforcement of the forum selection clause is a separate consideration from the question of choice of law.

Dkt. # 21, at 5. Defendant also stated that "[t]he availability of a federal forum in this case makes all the difference."[2] <u>Id.</u> at 5.

Moreover, the California district court relied on this distinction in the transfer order by explicitly rejecting some of plaintiff's arguments on the basis that the case would be transferred to another federal district court and not dismissed in favor of a state court. For example, the California district court distinguished <u>AOL</u> by explaining that "[t]he forum selection clause in <u>AOL</u> required disputes to be heard in Virginia state court, under Virginia law. . . . As transfer is requested to a federal district court, not to a state court as in <u>AOL</u>, Plaintiff would be able to make the same procedural and substantive legal arguments in district court in Oklahoma as it could here." Dkt. # 23, at 7-8.

To allow the transfer order to stand would work manifest injustice because the order relies on defendant's misrepresentations regarding the forum selection clause to the benefit of defendant and the detriment of plaintiff. The transfer order relies on the fact that the case will be transferred to a <u>federal</u> court. This Court does not proffer an opinion on whether defendant's motion to transfer should have been denied or whether the case should be been dismissed under <u>forum non conveniens</u>;

---

[2]     These arguments were made in defendant's reply brief, even though plaintiff had already notified defendant in its response brief that the venue specified by the forum selection clause did not include federal courts. <u>See</u> Dkt. # 16, at 12 n.1.

9

that is for the California district court to decide. What is clear at this point is that the transfer ordered is based on the mistaken belief that the forum selection clause mandated this suit be resolved in federal or state court in Tulsa, Oklahoma. Because the forum selection clause does not include federal courts, the purpose for the transfer order, to give effect to the forum selection clause, has been frustrated by defendant's misrepresentations. Reconsideration should be rare, and reconsideration of a transfer order even rarer. But this is an extraordinary situation where a transfer order is clearly erroneous and to let it stand would work manifest injustice. Therefore, the Court finds that this matter should be retransferred to the Eastern District of California.

**IT IS THEREFORE ORDERED** that the Court Clerk is directed to transfer this case to the United States District Court for the Eastern District of California, Sacramento Division.

**DATED** this 14th day of July,  2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE